1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

3
4
5
6
7
8
9

| | |
|---|---|
| KATHRYN JOY,                                           ) | |
|             Plaintiff,                        ) | |
|        v.                                            ) | **Case No.:** |
| CENTURY FINANCIAL SERVICES, INC.   ) | **COMPLAINT AND DEMAND FOR** |
| d/b/a CENTURY HEALTHCARE              ) | **JURY TRIAL** |
| COLLECTION IN CONNECTICUT,         ) | |
|             Defendant.                       ) | **(Unlawful Debt Collection Practices)** |

10

## COMPLAINT

11

       KATHRYN JOY (hereinafter "Plaintiff"), by and through her attorneys, ANGELA K.

12

TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., allege the following against

13

CENTURY FINANCIAL SERVICES, INC. d/b/a CENTURY HEALTHCARE COLLECTION

14

IN CONNECTICUT ("Defendant"):

15
16

### INTRODUCTION

17

     1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

18

U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive,

19
20

deceptive, and unfair practices.

21
22

### JURISDICTION AND VENUE

23

     2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

24

that such actions may be brought and heard before "any appropriate United States district court

25

PLAINTIFF'S COMPLAINT

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Uncasville, Connecticut 06382.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C.  §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant, Century Financial Services, Inc., is a debt collection company with its mailing address located at 23 Maiden Lane, P.O. Box 98, North Haven, Connecticut 06473.

9.     Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and contacted Plaintiff in its attempts to collect a consumer debt.

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

1

2                          **FACTUAL ALLEGATIONS**

3        12.     At all relevant times herein, Defendant contacted Plaintiff in its attempts to

4   collect an alleged consumer debt.

5        13.     The alleged debt at issue, a Lawrence Memorial Hospital medical bill, arose out

6   of transactions, which were primarily for personal, family, or household purposes.

7        14.     Plaintiff never incurred any debt in connection with a business or commercial

8   activities, and therefore, the debt if truly an obligation owed by her, arose from a finical

9
10  obligations for primarily personal, family, or household purposes.

11       15.     Beginning in or around October 2014, and continuing through late June 2015,

12  Defendant repeatedly contacted Plaintiff in its attempts to collect a consumer debt.

13       16.     Defendant contacted Plaintiff by calling her home telephone number.

14       17.     Plaintiff's husband suffers from terminal cancer and requires an overly calm

15  domestic environment.

16       18.     Accordingly, it was very upsetting for Plaintiff to receive repetitive calls from

17  Defendant on her home telephone, as it disturbed the quiet and solitude of her home and

18  disturbed her husband.

19       19.     On more than one occasion, Plaintiff spoke with Defendant and informed them of

20  her husband's critical condition and requested for all telecommunications to the home telephone

21  to cease.

22       20.     Further, Plaintiff told Defendant that she was unable to make payment at that

23
24  time given mounting medical costs for her husband's care.

25       21.     Defendant, however, failed to update its records to stop calls to Plaintiff's home

- 3 -

PLAINTIFF'S COMPLAINT

telephone.

22.     Rather, Defendant persisted in calling Plaintiff on her home telephone knowing that it was an inconvenient place for her to receive collection calls as well as that she did not have the means to make payment.

23.     Finally, in order to try to stop the repetitive calls, Plaintiff reluctantly agreed to make a $10.00 payment in hopes of avoiding future calls and restoring much needed privacy.

24.     Nonetheless, upon payment, Defendant told Plaintiff that it would keep calling to secure another $10.00, although it was aware Plaintiff did not have money because of needing to take care of her husband.

25.     Further, in one conversation, Defendant threatened to "take the next step" if payment were not made, which Plaintiff perceived as a threat to take legal action.

26.     Upon information and belief, Defendant did not have the authority and did not intend to take legal action against Plaintiff; rather, it made the threat believing that it would cause Plaintiff to make payment on the alleged debt.

27.     Finally, in its attempts to collect the debt, Defendant also sent correspondence to Plaintiff.

28.     In October 2014, Defendant sent Plaintiff correspondence seeking and demanding payment of $2,412.00.  See Exhibit A, Defendant's October 28, 2014, letter.

29.     Less than four (4) months later, on January 2, 2015, Defendant sent correspondence seeking and demanding payment of $6,825.30, without explanation for the increase and/or how it calculated the amount it sought to collect.  See Exhibit B, Defendant's January 2, 2015, letter.

30.     Upon information and belief, Defendant sought to collect an amount greater than

- 4 -

PLAINTIFF'S COMPLAINT

what was owed and not permitted by the agreement creating the alleged debt.

31.     Defendant's actions as described herein, were taken with intent to harass, oppress, and otherwise abuse Plaintiffs in connection with the collection of a debt.

### DEFENDANT VIOLATED THE
### FAIR DEBT COLLECTION PRACTICES ACT
### COUNT I

32.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(a)(1).

a.      A debt collector violates § 1692c(a)(1) by contacting a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

b.      Here, Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiff's home telephone after being advised its calls were disruptive and inconvenient.

### COUNT II

33.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

a.      Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

b.      Defendant violated § 1692d of the FDCPA when they called continued to call Plaintiff on her home telephone after being told to stop calling and that she did not have the money to pay the alleged debt.

- 5 -

PLAINTIFF'S COMPLAINT

**COUNT III**

34.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

a.     A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b.     A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

c.     A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d.     Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

e.     Here, Defendant violated §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) of the FDCPA by threatening to take action legal action it had no intention of pursuing as well as falsely representing the amount of the debt.

**COUNT IV**

35.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

a.     A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.     A debt collector violates § 1692f(1) of the FDCPA by collecting an

PLAINTIFF'S COMPLAINT

amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

a.      Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop calls to Plaintiff's home telephone as well as attempting to collect an amount not permitted by the agreement creating the debt.

WHEREFORE, Plaintiff, KATHRYN JOY, respectfully pray for a judgment as follows:

a.      All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. §1693k(a)(3); and

d.      Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KATHRYN JOY, demand a jury trial in this case.

- 7 -

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, #ct28597
Kimmel & Silverman, P.C.
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380
atroccoli@creditlaw.com

DATED: September 15, 2015

PLAINTIFF'S COMPLAINT